Matthew COOPER, Plaintiff–Appellee,

v.

METROPOLITAN TRANSPORTATION AUTHORITY and MTA Metro–North Railroad, Defendants–Appellants,

S.I. Harrington & Andrew J. Paul, Defendants.

No. 05–6340–cv.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Steve S. Efron, New York, NY, for Defendants–Appellants.

Steven L. Barkan, Lake Success, NY, for Plaintiff–Appellee.

Present: ROGER J. MINER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Metro–North Railroad ("Metro–North") appeals from a final judgment entered in favor of plaintiff-appellee Cooper on November 3, 2005, by the United States District Court for the Southern District of New York (Conti, J.), and an order dated December 19, 2005, denying Metro–North's motion for post-trial relief under Rule 50 and Rule 59 of the Federal Rules of Civil Procedure. The District Court entered judgment following a jury verdict finding Metro–North 90% at fault for the accident in question and awarding Cooper damages for pain and suffering and lost wages. Metro–North appeals the jury's award of lost wages in the amount of $940,400. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Although we review de novo the District Court's denial of a Rule 50 motion for judgment as a matter of law, we apply the same strict standard governing the District Court. See *Cross v. N.Y. City Transit Auth.*, 417 F.3d 241, 248 (2d Cir.2005). "[J]udgment as a matter of law should not be granted unless (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise [or] conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 685 (2d Cir.1998) (alterations in original). We review the District Court's denial of a Rule 59 motion for abuse of discretion. See *Medforms, Inc. v. Healthcare Mgmt. Solu-*

tions, *Inc.*, 290 F.3d 98, 106 (2d Cir.2002). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Id.* (internal quotations marks omitted). Under either standard, we review the evidence in the light most favorable to the nonmoving party. *Id.; Taylor,* 143 F.3d at 685.

We find that the record fully supports the jury's award of lost wages, and therefore the District Court properly denied Metro–North's motion for judgment as a matter of law or, in the alternative, a new trial. Evidence presented at trial included Cooper's testimony regarding the tasks required of him as an engineer or operations manager and the nature of his injuries, testimony from an orthopedic surgeon regarding Cooper's physical limitations, and testimony from a vocational rehabilitative expert regarding Cooper's loss of earning capacity due to his inability to perform certain physical tasks. The jury could properly choose to credit such testimony over that presented by Metro–North's experts. Accordingly, we reject Metro–North's argument that the jury's award of lost damages was speculative and without evidentiary foundation.

Furthermore, while we agree that the District Court improperly limited Metro–North's questioning of John Longobarti, we find this error harmless. There was sufficient evidence supporting the jury's verdict, including testimony from other witnesses that engineers and operation managers were required to climb. Metro–North itself, in fact, solicited this testimony from one witness, and its own expert testified that climbing is one ability required of a railroad engineer, and Cooper could not work as an engineer or operations manger if he were unable to climb. Thus, we do not find that this evidentiary

ruling warrants a new trial. *See Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997) ("[E]ven an erroneous evidentiary ruling will not lead to reversal unless affirmance would be 'inconsistent with substantial justice.'" (quoting Fed.R.Civ.P. 61)).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**